UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA NICOLE GLASS,

     Plaintiff,

v.                                 Hon. Paul L. Maloney

DEPARTMENT OF HEALTH             Case No. 1:26-cv-954
AND HUMAN SERVICES, et al.,

     Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Briana Nichole Glass filed her pro se complaint in this action on March 23, 2026, against the Michigan Department of Health and Human Services and the Friend of the Court alleging claims pursuant to 42 U.S.C. § 1983. More specifically, she alleges that an order entered in her divorce case requiring her to pay child support, and which has resulted in garnishment of her wages, violates her rights under the Fourth, Fifth, and Fourteenth Amendments to the constitution. (ECF No. 1 at PageID.4-7.) For relief, Glass seeks compensatory damages for amounts garnished from her wages and severe emotional distress, punitive damages, a declaratory judgment, and an injunction joining continued enforcement of the child support order. (*Id.* at PageID.7.)

Having granted Glass's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I recommend that the action be dismissed because her claims against Defendants in this Court are

barred by the Eleventh Amendment, and the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

Glass, a resident of North Carolina, was a party in a divorce proceeding in the Eaton County Circuit Court. (*Id.* at PageID.3.) She alleges that during the proceeding, "there was no allegation, finding, or evidence presented that the minor child's health, safety, or welfare was in jeopardy." (*Id.*) Nonetheless, the court, through the Friend of the Court, entered a child support order compelling Glass to make monthly child support payments to her ex-husband. Consequently, her wages have been garnished pursuant to the order. (*Id.*)

First, regardless of the form of relief requested, the States and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Michigan Department of Health and Human Services is an agency of the State of Michigan entitled to Eleventh Amendment immunity. *Jamison v. Child Protective Servs.*, No. 1:17-CV-559, 2017 WL 4510629, at *2 (W.D. Mich. Oct. 10, 2017) (citing *Harnden v. Michigan Dep't of Health & Hunman Servs.*, No. 16–cv–13906, 2017 WL 3224969, at *3–4 (E.D. Mich. July 31, 2017) (dismissing the plaintiff's claims against MDHHS as barred by the Eleventh Amendment)); *see also Pelichet v. Gordon*, No. 18-cv-11385, 2019 WL 4619742, at *14 (E.D. Mich. Sept. 20, 2019) ("The MDHHS has not consented to this Court's jurisdiction, nor has Congress expressly abrogated state immunity under § 1983."). Similarly,

because the Friend of the Court is a part of the Eaton County Circuit Court, *see* Mich. Comp. Laws § 552.503(1) (creating the office of Friend of the Court in each judicial circuit), and Michigan courts are arms of the State of Michigan entitled to Eleventh Amendment immunity, *see Pucci v. 19th District Court*, 628 F.3d 752, 760–74 (6th Cir. 2010), the Friend of the Court is also entitled to immunity. *See Johnson v. Wayne Cnty.*, No. 13-14331, 2013 WL 5854441, at *2 (E.D. Mich. Oct. 30, 2013) ("Eleventh Amendment immunity bars suits against arms of the state, such as the Michigan courts and, therefore, the Friend of the Court."); *Merritt v. Lauderbach*, No. 12-13645, 2013 WL 1148410, at *5 (E.D. Mich. Mar. 19, 2013) (concluding that Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's action). Therefore, Glass's action against both Defendants is barred in this Court by the Eleventh Amendment.

The Court also lacks jurisdiction independent of the Eleventh Amendment immunity. The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in

which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Glass's complaint falls into the former group of cases: an impermissible attack on a state-court judgment. Glass complains of injury arising from the state-court's child support order and essentially asks this Court to reverse it and provide her relief from its terms. (*Id.* at PageID.3, 5, 7.) In short, Glass is asking this Court to act as an appellate court to review the state court's order. However, it is well established that there is no federal jurisdiction when, as here, "the claim is 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)). Glass must raise her challenges to the order in the Michigan Court of Appeals.

## CONCLUSION

For the foregoing reasons, I recommend that Glass's complaint be **dismissed** without prejudice.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Glass appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

4

5

Date:  March 26, 2026                                         /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge


        OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).