UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA NICOLE GLASS,　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　　No. 1:26-cv-954
v.　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　　Honorable Paul L. Maloney
DEPARTMENT OF HEALTH AND HUMAN　　　)
SERVICES, *ET AL.*,　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　　　)
_____)

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Magistrate Judge Berens's Report and Recommendation (R&R), (ECF No. 7), in which she recommended that Plaintiff's complaint be dismissed due to Eleventh Amendment immunity and the *Rooker-Feldman* doctrine. Plaintiff, proceeding in forma pauperis in this case, objected to the R&R. (ECF No. 8). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full and Plaintiff's complaint will be dismissed.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and

1

recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

In cases where the plaintiff proceeds in forma pauperis, courts must dismiss the case if they determine that the plaintiff fails to state a claim on which relief may be granted. U.S.C. § 1915(e)(2). To state a claim, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that orders entered in her divorce case violated her constitutional rights. She alleges that there was never any allegation or evidence that the relevant minor child's health, safety, or welfare was in jeopardy. She named the Michigan Department of Health and Human Services and the Friend of the Court for Eaton County Circuit Court. The Magistrate Judge found that Defendants were immune from suit under the Eleventh

Amendment, and that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine preventing parties who lose in state court from effectively seeking an appeal in federal district courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice.

Plaintiff, in her objections, first asks for permission to amend her filings to name "defendants not in their immune capacity." (ECF No. 8 at PageID.29). But amendments to the complaint must be made under Federal Rule of Civil Procedure 15, not through objections to an R&R. Addressing the objection substantively, while suing individual defendants in their individual or official capacities may make a difference for the Eleventh Amendment immunity analysis, there is no "capacity" in which a state agency loses that immunity. The cover sheet Plaintiff attached with her objections continues to name Eaton County Friend of the Court institutionally as the defendant rather than any individual. (ECF No. 8-1 at PageID.35). It thus appears that amendment on these grounds would be futile, and lead to the same conclusion that Defendants are immune under the Eleventh Amendment.

The remainder of Plaintiff's objections go to her theories of why the state court orders violated her constitutional rights. In doing so, the Plaintiff illustrates, rather than refutes, the *Rooker-Feldman* problem. The United States District Courts may not directly review state court judgments—state appeals courts do that, and the United States Supreme Court has jurisdiction to review state supreme court judgments should the case get that far. Plaintiff makes no argument that her complaint does not fall within the category of complaints barred by *Rooker-Feldman* as articulated in *Exxon Mobil Corp.* 544 U.S. at 284.

## III.

Defendants are immune under the Eleventh Amendment, and Plaintiff does not make clear in her objections how she could get around this issue through amendment. Plaintiff provides no argument about the Magistrate Judge's conclusions regarding *Rooker-Feldman* doctrine, and the Court agrees that Plaintiff's complaint goes directly to the substance of a state court order which this Court lacks jurisdiction to review. The Magistrate Judge properly recognized this on the face of Plaintiff's complaint, so the R&R (ECF No. 7) is **ADOPTED IN FULL.** Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date:  April 17, 2026                                            /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge